MATTHEW F. ANICH, District Attorney Ashland County
You request my opinion on the following question:
 Would the register of deeds comply with the duties of office set forth in sec. 59.54, Stats., if such officer made a photocopy of each writ of attachment, certificate of sale of real estate, etc., in which all the different types of information set forth in sec. 59.54, Stats., appeared and kept such photocopy in a separate book with an appropriate index?
The answer to your question is no.
Section 59.54, Stats., requires the officer to "file and carefully preserve in his office every such paper received." The photocopy would contain the same information which appears on the original, but would not in itself, or with index, serve the four-fold purpose of the statute.
Section 59.54, Stats., provides:
 "RECORD OF ATTACHMENTS, LIS PENDENS, ETC. He shall keep a separate book or register divided into columns with appropriate headings, in which he shall enter an abstract of every writ of attachment or copy thereof and certificate of real estate attached, of every certificate of sale of real estate, and of every notice of the pendency of any action affecting real estate, which may be filed pursuant to law in his office, specifying the day, hour and minute of his reception thereof, the names of the several parties mentioned therein, designating separately plaintiffs and defendants; the names of the attorneys of the respective parties; the date when the land was sold; the description of all such real estate mentioned, and the amount of indebtedness claimed in any such writ, and the amount for which any such land was sold; and he shall keep for each such book an index, showing in alphabetical order, separately, the names of each party plaintiff and each party defendant, and the page on which such name is found, and shall file and carefully preserve in his office every such paper received. When a notice of the pendency of an action for the foreclosure of a mortgage is *Page 116 
filed he shall enter upon the margin of the record of such mortgage a memorandum of the filing of such notice and of the date thereof." (Emphasis added.)
The statute requires maintenance of (1) a separate book or register in which such officer shall enter an "abstract," i.e., a summary limited to required specified information and details as to time of filing; (2) a specially arranged alphabetical index to such book or register of "abstracts"; (3) preservation of the originals left for "filing"; and (4) a duty to note on margin of separate mortgage books the date and fact of filing a notice of pendency affecting the specific mortgage.
One of the main purposes of the statute is to provide a ready index to "abstracts" of the documents involved so that the searcher need not have to initially read the whole document on file. Resort to such entire document may be necessary, and the statute and secs. 59.512, 228.07 and 889.30, Stats., make provision for preservation of the original or photographic copy.
This does not mean that such officer cannot, with county board approval, utilize microfilm or photographic copies pursuant to provisions of sec. 59.512, Stats. Even where authorization pursuant to sec. 59.512, Stats., is present and in a case where the county has not elected to be covered by ch. 228, Stats., the original document would have to be retained in an authorized storage place with the microfilm or photocopy being kept in the office of such officer. See secs. 59.512 and 59.54, Stats. In 60 Op. Att'y Gen. 459 (1971), it was stated that registers of deeds in counties under 500,000 cannot utilize microfilming or photocopying to comply with the initial duty to record or file documents unless the county board has elected to be controlled by ch. 228, Stats., as permitted by sec. 228.07, Stats., although secs. 59.512 and 889.30, Stats., authorize such officers, with county board approval, to make microfilm or photographic copies of original records. Also see sec. 910.05, Stats.
BCL:RJV *Page 117